**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                               )

DIEUMAITRE MESIDOR,          )

             )

       Petitioner,    )

            )

v.             )     Civil Action

            )     No. 26-cv-12915-PBS

ANTONE MONIZ, Superintendent,   )

Plymouth County Correctional    )

Facility, et al.,         )

            )

       Respondents.   )

_____)

**MEMORANDUM AND ORDER**

August 12, 2026

Saris, J.

Petitioner Dieumaitre Mesidor ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention. Petitioner contends that the government has violated his statutory and due process rights by refusing to grant him a bond hearing. Respondents assert that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), while Petitioner insists that he is eligible for a bond hearing under 8 U.S.C. § 1226(a) and that, if he is detained under § 1225(b), his detention without a bond hearing violates due process. For the reasons explained below, the Court agrees with Respondents that Petitioner is subject to mandatory detention under § 1225(b). The Court further finds that Petitioner's

1

mandatory detention after release on humanitarian parole implicates his due process rights because he lived freely in the country after his parole expired and that due process requires a bond hearing. Accordingly, the Court allows the petition for writ of habeas corpus.

Petitioner, a citizen of Haiti, entered the United States at the Brownsville, Texas port of entry on March 21, 2023. U.S. Customs and Border Protection released Petitioner on humanitarian parole pursuant to its authority under 8 U.S.C. § 1182(d)(5)(A). The parole period expired on March 19, 2024. Following an arrest and arraignment in Worcester District Court for intimidation of a witness and violation of an abuse prevention order, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody on April 28, 2026, and issued Petitioner a Notice to Appear ("NTA") to commence removal proceedings. The NTA charged that Petitioner was an inadmissible arriving alien because he was not in possession of valid entry documents. Petitioner filed his habeas petition on June 26, 2026. On August 6, 2026, Petitioner's request for release on parole was denied. Petitioner also applied for asylum and has a merits hearing scheduled for August 25, 2026.

Petitioner first asserts that he is entitled to a bond hearing because he is detained pursuant to § 1226(a). Respondents argue that when Petitioner's parole expired, he was "restored to the status he had been in at the time of his parole," i.e., mandatory

2

detention under § 1225(b). Dkt. 13 at 12 (citation omitted). A noncitizen detained under § 1225(b) may be released only if he is paroled for significant public benefit or urgent humanitarian reasons under § 1182(d)(5)(A). See Jennings v. Rodriguez, 583 U.S. 281, 288 (2018). Such parole is "not . . . regarded as an admission of the alien," and upon the revocation or expiration of parole, the alien shall "be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

The Court agrees with Respondents and several judges in this district that § 1225, not § 1226, provides the applicable statutory scheme governing the detention of a noncitizen in Petitioner's position. See, e.g., Galicia v. Lyons, No. 26-cv-11468, 2026 WL 1847046, at *1 (D. Mass. June 26, 2026); Alsaheb v. Moniz, No. 25-cv-13422, 2025 WL 4966945, at *2 (D. Mass. Dec. 2, 2025), appeal filed, No. 26-1762 (1st Cir. June 30, 2026); Banegas v. McDonald, No. 25-cv-13161, 2025 WL 3251395, at *3 (D. Mass. Nov. 21, 2025); Rincon v. Hyde, 810 F. Supp. 3d 101, 109 (D. Mass. 2025), appeal filed, No. 26-1146 (1st Cir. Feb. 11, 2026). That Petitioner is subject to mandatory detention under § 1225(b) "is clearly correct as a matter of statutory construction." Galicia, 2026 WL 1847046, at *1.

3

Petitioner next asserts that regardless of which statute governs his detention, he has a constitutional right to a bond hearing under the Due Process Clause. Respondents contend that pursuant to § 1225(b), Petitioner is to be treated as if he were still on the threshold of entry at the border and that "the Due Process Clause provides nothing more." Dkt. 13 at 13 (quoting Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020)). The Court recognizes that judges in this district are split on this issue. On the one hand, some have found as a matter of law that mandatory detention of noncitizens in Petitioner's circumstances violates due process and have ordered a bond hearing. See Rincon, 810 F. Supp. 3d at 110-16 (Murphy, J.) (holding that "the Due Process Clause grants protection to 'all persons within the territory of the United States'" and that under the Mathews v. Eldridge, 424 U.S. 319 (1976), factors, the petitioner's detention without a bond hearing violated due process (quoting Wong Wing v. United States, 163 U.S. 228, 238 (1896))); see also Celestin v. Wesling, No. 26-cv-11249, 2026 WL 1031165, at *2-3 (D. Mass. Apr. 16, 2026) (Gorton, J.) (similar); Martinez Angulo v. Moniz, No. 26-cv-10302, 2026 WL 905109, at *2-3 (D. Mass. Apr. 2, 2026) (Kelley, J.) (similar); Mayaguari Palta v. Wesling, No. 25-cv-13470 (D. Mass. Dec. 9, 2025), Dkt. 14 at 7 (Sorokin, J.) (similar); Alsaheb, 2025 WL 4966945, at *2 (Joun, J.) (similar).

On the other hand, some judges have held that mandatory detention without a bond hearing for noncitizens taken into custody after remaining in the country following the expiration of humanitarian parole does not violate due process. See Galicia, 2026 WL 1847046, at *2-5 (Saylor, J.) (holding that the continued detention of the petitioner, whose parole expired in 2017, without a bond hearing did not violate due process because "there is no clear indication or suggestion, in Supreme Court jurisprudence or otherwise, that" mandatory detention under such circumstances is constitutional); Guaranda Macias v. Moniz, No. 26-cv-10677 (D. Mass. Mar. 5, 2026), Dkt. 8 (Casper, C.J.) (holding that the continued detention of the petitioner, whose parole expired in 2025, without a bond hearing did not violate due process because he "ha[d] only those rights regarding admission that Congress has provided by statute" (quoting Thuraissigiam, 591 U.S. at 140)).

This Court adopts the majority approach in this district and disagrees with Respondents that all noncitizens returned to detention under § 1225(b) should be treated as "applicants for admission" who "lack any constitutional due process rights." Dkt. 13 at 14. Petitioner has due process rights because he "lived freely in the interior" after his parole expired in March 2024. Celestin, 2026 WL 1031165, at *2 (holding that "aliens who have established connections in this country have due process rights" (quoting Thuraissigiam, 591 U.S. at 107)). Until he was detained

5

by ICE in April 2026, he continued to live in Massachusetts and worked for Amazon. He also has a lawful permanent resident partner and two U.S. citizen children, who were just born prematurely.

The Court must next consider whether Petitioner has been afforded sufficient process to justify his detention. The Court turns to the Mathews balancing test, which requires consideration of (1) "the private interest . . . affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest" in maintaining the current procedures. 424 U.S. at 335. The private interest at stake is substantial. "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Although Petitioner is in removal proceedings, "the exact length" of those proceedings "is impossible to predict and c[ould] be quite lengthy." Hernandez-Lara v. Lyons, 10 F.4th 19, 29 (1st Cir. 2021). The second factor also weighs in favor of relief. The risk of erroneous deprivation is high where, as here, the noncitizen has no procedural mechanism to challenge his detention. See Rincon, 810 F. Supp. 3d at 116. The government's interest is a closer call. Providing Petitioner with a bond hearing entails an "administrative burden," Mathews, 424 U.S. at 347, but the cost of providing a bond hearing is

6

minimal. The government has a legitimate interest in executing removal orders as well. See Celestin, 2026 WL 1031165, at *3. The Court also must recognize "the human costs borne by the public when families are separated." Id. In sum, the Mathews factors weigh in favor of providing Petitioner with a bond hearing to protect his due process rights.

Because the Court finds that Petitioner has established connections in this country that implicate due process, the Court concludes that Petitioner's continued detention without an opportunity for a bond hearing violates the Due Process Clause.

Of concern, on January 5, 2026, Petitioner was arraigned for assault and battery on a household/family member and assault and battery with a dangerous weapon. On April 27, 2026, Petitioner was again arraigned for intimidation of a witness and violation of an abuse prevention order. These charges were dismissed on June 1, 2026. The immigration judge can determine whether Petitioner is a flight risk or danger to the community. The request for immediate release is denied.

Accordingly, Petitioner's petition for writ of habeas corpus (Dkt. 1) is **ALLOWED**. Petitioner shall be provided with a bond hearing within seven business days of the date of this order. No later than fourteen days from the date of this order, the government shall file a status report confirming that Petitioner

has received a bond hearing (or has been released in lieu of a bond hearing) and stating the outcome of the bond hearing.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge