**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DIEUMAITRE MESIDOR,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Respondents. | Civil Action No. 1:26-cv-12915-PBS |

**MOTION TO PLACE CASE IN ABEYANCE**

Respondents, by and through their attorney, move this Court to hold Petitioner's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223. The Government requests that this Court hold Petitioner's attorney's fees motion in abeyance until 60 days after the Supreme Court issues a decision in *Montoya Palacios* and stay the briefing schedule pending resolution of this motion. Should this motion be denied, the Government requests permission to extend the briefing schedule by 14 days from the date of an order denying this motion.

Like this case, *Montoya Palacios* involves a petition for attorney's fees under EAJA following a successful petition for writ of habeas corpus challenging immigration detention. The issue in *Montoya Palacios* is whether, under EAJA, the phrase "any civil action," 28 U.S.C. § 2412(d)(1)(A), encompasses habeas petitions challenging immigration detention.

As in *Montoya Palacios*, Petitioner here brought a successful habeas challenge to immigration detention and subsequently sought attorney's fees under EAJA. *See* Dkt. No. 10. Respondents maintain that Petitioner is not eligible for attorney's fees because habeas proceedings are not encompassed within the EAJA phrase "any civil action." *See Barco v. Witte*, 65 F.4th 782,

785 (5th Cir. 2023); *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021); *but see Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026), *rehearing en banc denied*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025), *rehearing en banc denied*, (10th Cir. Apr. 3, 2026); *but see Tuzolana v. Hyde*, 1:26-cv-10259-LTS, Doc. No. 20 (D. Mass June 25, 2026); *Ndongala v. Wesling*, 1:26-cv-10194-ADB, Doc. No. 15 (D. Mass June 1, 2026); *Orrego v. Hyde*, No. 26-cv-10260-BEM, 2026 WL 1480362 (D. Mass. May 27, 2026).[1]

Because these proceedings present the same issue as *Montoya Palacios*, the Supreme Court's decision in that case, with briefing to begin this week, will inform the outcome of Petitioner's attorney's fees motion. Holding Petitioner's attorney's fees motion in abeyance promotes judicial efficiency and conserves judicial resources. And Petitioner will not suffer any prejudice if this abeyance motion is granted because Petitioner received a bond hearing due to this Court's grant of Petitioner's habeas petition, reserved his appellate rights before the Board of Immigration Appeals, and separately filed a Motion to Enforce Judgment before this Court. *See* Dkt. No. 25-1; 27.

Undersigned counsel contacted counsel for Petitioner regarding Petitioner's position on the relief requested in this motion. Petitioner's counsel informed undersigned counsel that Petitioner opposes the motion.

For the foregoing reasons, the Government moves this Court to hold Petitioner's attorney's fees motion in abeyance until 60 days after the Supreme Court issues a decision in the pending

[1] While the Ninth Circuit allowed attorney's fees under EAJA following a successful habeas petition in *In re Hill*, that case is inapposite to the circuit split because the petitioner there was not in custody and filed a habeas petition to challenge the denial of an application to enter the United States. 775 F.2d 1037, 1039-41 (9th Cir. 1985). Modern statutes do not allow habeas petitions to be used for that purpose. *Hill* is therefore limited to its unique facts.

*Montoya Palacios* case. Should this motion be denied, the Government requests that its response brief be due 14 days from the date of the order denying this motion.

Dated: September 14, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Erica McMahon*
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3271
Email: Erica.McMahon@usdoj.gov

**LOCAL RULE 7.1 CERTIFICATION**

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that I conferred with Petitioner's counsel on September 14, 2026, who opposes the relief requested herein.

Dated: September 14, 2026

By: */s/ Erica McMahon*
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: September 14, 2026

By: */s/ Erica McMahon*
Special Assistant United States Attorney